**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1076**

BILTMORE INVESTMENTS, LTD.,

        Debtor - Appellee,

    v.

TD BANK, N.A.,

        Creditor - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Max O. Cogburn, Jr., District Judge. (1:14-cv-00099-MOC)

Submitted: August 27, 2015      Decided: October 1, 2015

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Lance P. Martin, Norman J. Leonard II, WARD AND SMITH, P.A., Asheville, North Carolina, for Appellant. Edward C. Hay, Jr., PITTS, HAY, HUGENSCHMIDT & DEVEREUX, P.A., Asheville, North Carolina; T. Scott Tufts, TUFTS LAW FIRM, PLLC, Maitland, Florida, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

TD Bank, N.A., appeals the district court's Order of December 22, 2014 (the "Order"), reversing the bankruptcy court's order and concluding that the automatic stay, see 11 U.S.C. § 362, bars TD Bank from satisfying its state court judgment against Walter McGee by foreclosing on McGee's common stock in Biltmore Investments, Ltd., the debtor in the underlying bankruptcy proceeding. Because the automatic stay had already expired when the bankruptcy court confirmed Biltmore's plan of reorganization, we vacate the Order and remand for further proceedings.

## I.

The relevant facts of the case are undisputed. Biltmore filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code in January 2011. In its bankruptcy court filings, Biltmore scheduled three secured creditors, one of which was TD Bank. In July 2012, TD Bank obtained from a North Carolina state court a $2.5 million judgment against McGee, who owns all of Biltmore's common stock. In April 2013, the bankruptcy court confirmed Biltmore's second amended plan of reorganization (the "Plan"). TD Bank had objected to the Plan in bankruptcy court, but did not appeal the order confirming the Plan. The Plan included a provision that, if Biltmore recovered

2

in an adversary proceeding it had brought against a third party, that recovery would be "split between the creditors and [Biltmore] on an equal basis." J.A. 333.

After the Plan was confirmed, the adversary proceeding settled for $1.3 million — a much greater sum than anyone had anticipated. Apparently out of fear that Biltmore would distribute its share of the settlement proceeds to McGee rather than reinvest them in the business, TD Bank attempted to satisfy its judgment against McGee by executing on McGee's stock in Biltmore. See N.C. Gen. Stat. § 1-324.3. To that end, TD Bank filed a motion in the bankruptcy court requesting a declaration that the automatic stay provided in 11 U.S.C. § 362 did not bar TD Bank from executing on McGee's shares. The bankruptcy court granted TD Bank's motion, and then denied Biltmore's motion for reconsideration of that order. Biltmore appealed to the district court, which reversed and "stayed" TD Bank from "taking any action directed at Walter T. McGee, in state court or otherwise, to seize or sell his shares of stock in Biltmore." See Order 11.

In its Order, the district court applied the standard we articulated in A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986). There, we explained that, although the protections of the automatic stay typically extend only to the debtor, the stay may under "unusual circumstances" be extended

3

to non-bankrupt third parties.  Id.  Unusual circumstances may be found, for example, when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."  Id.  Here, the district court determined that unusual circumstances existed because, in its view, "[w]hat is ultimately at issue in this matter is control of Biltmore," and "TD Bank's state court actions amount to an action to obtain possession of, or exercise control over, property of the debtor's bankruptcy estate (Mr. McGee's stock), which is, in effect, an action against the debtor."  Order 9.  The court observed that, if TD bank was allowed to execute on McGee's stock, "there is the potential that TD Bank or a third party" would buy the stock and that "the new stockholder may not act in the best interests of Biltmore by, for example, failing to comply with the terms of the confirmed Plan or simply liquidating the company."  Id. at 9-10.  TD Bank timely appealed the Order to this Court.

## II.

Biltmore argues we lack jurisdiction of this appeal under 28 U.S.C. § 158(d)(1), because the district court's Order was not final.  However, our jurisdiction does not depend on whether

4

the Order was final, for 28 U.S.C. § 1292(a)(1) gives us jurisdiction of "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing, or dissolving . . . injunctions." See Conn. Nat'l Bank v. Germain, 503 U.S. 249, 252 (1992) (explaining that jurisdiction over bankruptcy appeals under § 158(d) does not limit jurisdiction over interlocutory orders under § 1292).

TD Bank argues that the district court misapplied our decision in A.H. Robins Co., while Biltmore defends the district court's determination of unusual circumstances and extension of the automatic stay to McGee. The parties — like the district court and bankruptcy court — assume that 11 U.S.C. § 362's automatic stay is still in effect. Such an assumption, however, is erroneous. Thus, instead of "address[ing] an issue predicated on [a] misconception," see Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1537 (2013) (Kagan, J., dissenting), we vacate the Order and remand for further proceedings.

Under the plain language of the Bankruptcy Code, the confirmation of Biltmore's Plan terminated the automatic stay. Upon confirmation, the Plan "re-vested [Biltmore] with its assets subject only to all outstanding liens which are not avoidable by [Biltmore] under the [Bankruptcy] Code." J.A. 334; see also 11 U.S.C. § 1141(b) ("Except as otherwise provided in

5

the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."). Pursuant to § 362(c)(1), the re-vesting of the bankruptcy estate's assets in the debtor terminated the stay of acts "against the property of the estate." See McKinney v. Waterman S.S. Corp., 925 F.2d 1, 4 (1st Cir. 1991) ("Since confirmation revests the property of the estate in the debtor . . . the stay of an act against the property of the estate would no longer be applicable."). Confirmation of the Plan also discharged "any and all amounts due by [Biltmore] to its creditors." J.A. 335; see also 11 U.S.C. § 1141(d)(1)(A) ("Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation . . . ."). Pursuant to § 362(c)(2), the discharge ended the stay of "other act[s]" enumerated in § 362(a). See United States v. White, 466 F.3d 1241, 1245 (11th Cir. 2006) ("[C]onfirmation of the plan discharges the debtor, and . . . discharge of the debtor lifts the automatic stay."). Because the automatic stay had expired, the district court erred in extending it to McGee and in invoking the expired stay to enjoin TD Bank's efforts to collect on its judgment against McGee in state court.

Biltmore argues in the alternative that an injunction is proper under 11 U.S.C. § 105, which provides that a bankruptcy court may "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The district court declined "to address the propriety of" the bankruptcy court's refusal to grant an injunction pursuant to § 105. <u>See</u> Order 10-11. Rather than consider whether an injunction should have issued under § 105, we remand for the district court to consider that issue in the first instance, and for such other and further proceedings as may be appropriate. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

7